CREDIT ALLIANCE CORPORATION v

FINDLAY DAIRY CO

Ohio Appeals, 3rd Dist, Hancock Co

No 263.  Decided Apr 20, 1929

Nally, Dally & Nally and Aubrey R Moul, Findlay, for Credit Corp.

Marshall, Melhorn, Marlar & Martin, Toledo, for Dairy Co.

HUGHES, J.

As a general rule, a receivership is a purely ancillary remedy and cannot be maintained in a proceeding instituted solely for that purpose. But there are some well recognized exceptions to this general rule, where the appointment of a receiver may be and is, the main object and purpose of the suit or proceedings.  23 R. C. L. page 11, Section 5.  23 R. C. L., page 27, Section 22, also page 21.

In the case at bar, the plaintiff has shown without dispute that it has a judgment against the Old Company upon which an execution has been issued and returned for want of any property upon which to make a levy; that all of the assets of the company left, that is, the consideration which was in the form of stock in the New Company, has been disposed of by the Old Company by a transfer to the stockholders of the Old Company; and that the Old Company has a valid claim against this indemnity company, as above indicated.

We can conceive of no better, if there is any other satisfactory means by which this judgment creditor could enforce his claim, than to have a receiver appointed who would, under the supervision of the court, recover back the stock so transferred to the stockholders and reduce the cause of action against the indemnity company to money, and make distribution according to law.

Therefore the judgment will be for the plaintiff against the defendant Old Company, and a receiver will be appointed, the individual to be agreed upon by the parties forthwith; upon failure in such agreement he will be named by the court.

Before Judges Hughes, Justice and Crow.